FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NOE SAUCEDO-SAUCEDO,

Defendant - Appellant.

No. 23-2112
(D.C. No. 2:23-CR-00067-KG-1)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

Noe Saucedo-Saucedo appeals the district court's order denying his motion to

dismiss his indictment.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

When a Border Patrol agent found him in New Mexico, Mr. Saucedo-Saucedo

admitted he was a citizen of Mexico without documentation allowing him to be in the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

United States.  Records showed he had been deported several years earlier.  He was indicted for illegally reentering the United States.  *See* 8 U.S.C. § 1326(a), (b).

Mr. Saucedo-Saucedo moved to dismiss the indictment.  His motion focused on the Final Administrative Removal Order from years earlier that had ordered his first deportation.  He pointed out that the order contained a typed name rather than a handwritten signature of an authorized official.  He argued the omission of a handwritten signature rendered the order "nonexistent."  Aplt. App. at 11.

To raise a collateral attack challenging the "validity" of an underlying deportation order, an illegal-reentry defendant must satisfy three conditions, § 1326(d),[1] which Mr. Saucedo-Saucedo conceded he could not meet.  But he argued he did not need to meet them because a collateral attack requires a deportation order, and no such order existed in his case because the document purporting to be his deportation order contained only a typed name on the signature line.

The district court rejected Mr. Saucedo-Saucedo's argument for two reasons.  First, the court concluded that he failed to show that a missing signature means the deportation order did not exist.  Second, it concluded that the motion to dismiss raised a collateral attack, which doomed the motion because

---

[1] The defendant must show that (1) he or she exhausted any available administrative remedies, (2) the order came out of deportation proceedings that improperly deprived the defendant of an opportunity for judicial review, and (3) "the entry of the order was fundamentally unfair."  § 1326(d).

Mr. Saucedo-Saucedo could not satisfy the three statutory conditions. The court thus denied the motion to dismiss.

Mr. Saucedo-Saucedo entered a conditional plea, reserving the right to appeal the denial of his motion to dismiss. He now appeals.

## II. DISCUSSION

This appeal turns on whether Mr. Saucedo-Saucedo's motion to dismiss raised a collateral attack under § 1326(d), an issue of statutory interpretation that we review de novo. *See United States v. Ambort*, 405 F.3d 1109, 1116 (10th Cir. 2005).

Mr. Saucedo-Saucedo maintains that his motion to dismiss was not a collateral attack against his original deportation order because it called into question the order's existence rather than its validity.

This argument ignores the plain meaning of "validity." "Valid" means, as relevant here, "[l]egally sufficient." *Valid*, Black's Law Dictionary (11th ed. 2019). When Mr. Saucedo-Saucedo argued that his deportation order lacked a necessary signature, he challenged the order's legal sufficiency—its validity.

Mr. Saucedo-Saucedo offers no authority suggesting that courts should treat a defective document as nonexistent rather than invalid, or that doing so would mean that a challenge to the document is not a collateral attack.[2] "When a challenge to an order takes place in a separate proceeding that has an independent purpose,

---

[2] We need not (and do not) decide whether the lack of a handwritten signature made Mr. Saucedo-Saucedo's deportation order defective. It is enough to conclude that his argument on that point was a collateral attack.

such as a later criminal prosecution, it is a collateral attack." *United States v. Palomar-Santiago*, 593 U.S. 321, 328 (2021) (quotations omitted). That is exactly the type of challenge Mr. Saucedo-Saucedo raised in his motion to dismiss.

## III. **CONCLUSION**

The district court correctly concluded that Mr. Saucedo-Saucedo's motion to dismiss presented a collateral attack against his deportation order and that he failed to satisfy the conditions in § 1326(d). We therefore affirm the district court's order.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge